IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FROYLAN RUBIO-GOMEZ, ) <br> and JAVIER SILVA-RANGEL, ) <br> ) <br> Defendant. ) <br> _____) | Case No. CR-09-217-S-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss for Violation of Speedy Trial Act (Docket No. 39) and Government's Motion to Dismiss Defendants Without Prejudice (Docket No. 59). The Court heard oral argument on the motions on February 19, 2010. Having reviewed all submitted memoranda as well as the record in the underlying criminal case, the Court enters the following order granting dismissal without prejudice.

**Memorandum Decision and Order - 1**

## ANALYSIS

### A.  Background and Summary of Issues

On August 18, 2009, a complaint was filed against Froylan Rubio Gomez ("Defendant") and his co-defendants, Horacio Deavila-Cabrera and Javier Silva-Rangel (Docket No. 1).[1]  The complaint charged the men with conspiring to manufacture and distribute 1,000 or more marijuana plants on public lands in Oregon and Idaho.  On August 19, 2009, Defendant appeared before this Court.  Magistrate Judge Ronald E. Bush signed an Order of Detention, ordering that Defendant be detained pending trial (Docket Nos. 8 and 13).  On September 11, 2009, The Government filed an Indictment, charging the defendants with a variety of crimes under the Controlled Substances Act (Docket No. 21).

One hundred days[2] passed before Defendant was arraigned on the Indictment.  The arraignment took place before this Court on December 21, 2009 (Docket No. 30).  Trial was then scheduled to commence on February 16, 2010, one hundred and fifty-eight days[3] after the Indictment was filed.  In the interim, no

---

[1] Deavila-Cabrera has agreed to plead guilty to the Indictment, while Silva-Rangel remains a fugitive.

[2] Exclusive of both the date on which the Indictment was filed and the arraignment date.

[3] Exclusive of the date on which the Indictment was filed, but inclusive of the December 21, 2009, arraignment.

**Memorandum Decision and Order - 2**

substantive pre-trial motion – other than this Motion to Dismiss for Speedy Trial Violations – was filed by any party.

On January 11, 2010, co-defendant Deavila-Cabrera filed a motion to dismiss with prejudice for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. On January 19, 2010, Defendant joined in the motion to dismiss. Deavila-Cabrera subsequently agreed to plead guilty to the Indictment. On February 9, 2010, the Government filed its motion to dismiss the Indictment against Defendant and co-defendant Silva-Rangel without prejudice.

The Court must resolve two issues: 1) whether the Speedy Trial Act mandates dismissal of the charges against Defendant; and, if so, 2) whether dismissal should be with or without prejudice. Having reviewed the briefing and heard oral argument, the Court will deny Defendant's Motion and grant the Government's Motion.

**B.   Standard of Law**

The Speedy Trial Act requires that the trial of a criminal defendant commence within seventy days from the date of the arraignment or the filing of the Indictment, whichever occurs later. 18 U.S.C. § 3161. When, as in this case, a defendant is arrested prior to Indictment, the seventy-day pretrial period runs from the date of the Indictment. U.S. v. Haiges, 588 F.2d 1273, 1274. If a defendant is

**Memorandum Decision and Order - 3**

not brought to trial within the time limit required by Section 3161(c) as extended by Section 3161(h), the Indictment shall be dismissed on motion of the defendant. 18 U.S.C. § 3162(a)(2).

In moving for dismissal, the defendant bears the initial burden of demonstrating a violation of the Act. 18 U.S.C. § 3162(a)(2). Upon such a demonstration, the burden shifts to the Government to produce evidence that the time elapsed beyond the Act's seventy-day limit is excludable under 18 U.S.C. § 3161(h).

If dismissal is mandated, the Court must decide whether to dismiss with or without prejudice. *See* 18 U.S.C. § 3162(a)(2). Section 3162(a)(2) provides the legal framework by which the Court must make its decision.

**C.    Discussion**

    **1.  Whether Dismissal is Required**

Defendant has clearly demonstrated a violation of the seventy-day limit. The seventy-day clock began to run as of the date of Defendant's Indictment, September 11, 2009. The seventy-day period had elapsed by November 26, 2009. By the time Defendant was arraigned on the Indictment, one hundred days had passed. At the arraignment, trial was set for February 16, 2010, one hundred and fifty-eight days after the Indictment.

**Memorandum Decision and Order - 4**

Because Defendant has demonstrated a violation of the Act, it is the Government's burden to produce evidence that the time elapsed beyond the seventy-day limit is excludable under Section 3161(h). *See* 18 U.S.C. § 3162(a)(2). The Government argues that Section 3161(h)(6) provides for a reasonable delay when a defendant is joined with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted.[1] Therefore, argues the Government, the delay may be excludable because co-defendant Silva-Rangel has not yet been arraigned and therefore the time for trial has not run. The Court disagrees.

Silva-Rangel is not an appropriate co-defendant upon which to base time exclusion under that Section 3161(h)(6). Silva-Rangel has not yet been arraigned because he remains a fugitive. The Government has not directed the Court to any authority to support the proposition that a criminal defendant may be held indefinitely without trial so long as a co-defendant eludes capture. In the absence of any other evidence that the elapsed time is excludable, the Court finds that the excessive delay violated the Speedy Trial Act and the Indictment must be dismissed.

---

[1] Though, the Government devoted much of its Response to Defendant's Memorandum to discussion of a violation of Defendant's Sixth Amendment right to a speedy trial, the Defendant has asserted no such violation. Rather, the Defendant's contentions are plainly statutorily-based. Accordingly, the Court will not consider the Government's Sixth Amendment arguments.

**Memorandum Decision and Order - 5**

### 2. Whether to Dismiss With or Without Prejudice

The remaining question before the Court is whether to dismiss the Indictment with or without prejudice.  *See* 18 U.S.C. § 3162(a)(2).  The Act requires the Court's consideration of a number of factors as criteria to making this decision:

> . . . In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2).

The Supreme Court has posited that "the administration of the Speedy Trial Act and the necessity for thorough appellate review require that a district court carefully express its decision whether or not to bar reprosecution in terms of the guidelines specified by Congress." *U.S. v. Taylor*, 487 U.S. 326, 343 (1988).  Accordingly, the Court will consider each of the statutory factors in turn.

#### a.  Seriousness of the Offense Charged

Defendant does not dispute the seriousness of the charges against him. Defendant was allegedly involved with a multi-state operation which was

**Memorandum Decision and Order - 6**

growing thousands of marijuana plants on public lands.  The Court agrees this is a serious offense.  *See*, *e.g.*, U.S. v. Clymer, 25 F.3d 824, 831 (9th Cir.1994) (conspiracy to distribute and aiding and abetting the manufacture of controlled substance are undoubtedly serious crimes).  Nevertheless, the seriousness of the crime must be weighed against "the seriousness of the delay," as well as the other remaining factors.  *Id.*

### b. Facts and Circumstances Leading to the Dismissal

With regard to the second factor of the analysis, Defendant argues that the length of the delay alone demands dismissal with prejudice.  It is true that the length of a delay standing alone is a significant "measure of the seriousness of the speedy trial violation," Clymer, 25 F.3d at 832 (citing Taylor, 487 U.S. at 340).  An unduly lengthy delay "weighs heavily in favor of dismissal with prejudice." Clymer, 25 F.3d at 831 (citing United States v. Stayton, 791 F.2d 17, 21 (2nd Cir.1986)).  However, the length of delay must be weighed against its impact, both in terms of the defendant's "ability to prepare for trial" and in terms of "the restrictions on his liberty."  *See* Clymer, 25 F.3d at 832 (citing Taylor, 487 U.S. at 340).

**Memorandum Decision and Order - 7**

In *Clymer*, the Ninth Circuit held that a delay of 522 days was unduly lengthy. *Clymer*, 25 F.3d at 832. The court determined that Clymer had demonstrated actual prejudice to his ability to prepare for trial because a key defense witnesses could no longer be found after the delay. *Id.* Furthermore, the Circuit Court posited that a delay of even five months (approx. 150 days) strongly implicated serious liberty concerns. *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 537 (1972) (White, J., concurring). Conversely, in *U.S. v. Medina*, 524 F.3d 974 (9th Cir. 2008), the Ninth Circuit upheld a district court ruling that a 91-day delay was not unduly lengthy, despite its impact upon Medina's liberty. *Medina*, 524 F.3d at 987. In ruling for dismissal without prejudice, the district court had found it significant that Medina demonstrated no actual prejudice to his ability to prepare for trial. Furthermore, the court noted the reasons for delay appeared "technical," rather than "substantive." *Id.*

The Court finds that the facts and circumstances of the instant case weigh in favor of dismissal without prejudice. On the one hand, the one hundred and fifty-eight day delay is almost precisely what the Ninth Circuit contemplated as implicating serious liberty concerns in *Clymer*. *See Clymer*, 25 F.3d at 823 (". . . even a delay of five months strongly implicates the

**Memorandum Decision and Order - 8**

serious concerns articulated by Justice White in his concurring opinion in *Barker v. Wingo*, 407 U.S. 514 (1972)"). However, unlike Clymer, Defendant has not demonstrated that the delay has caused actual prejudice to his ability to prepare for trial. Additionally, there is no dispute that, notwithstanding the Speedy Trial Act violation, the case was proceeding to trial with counsel having been appointed, discovery exchanged, and trial preparation undertaken. Moreover, the Government promptly re-indicted Defendant even before the parties argued the motions to dismiss so the case would not not incur additional delay.

Furthermore, any impact the delay could have had on Defendant's liberty interests may be negated by his status as an illegal alien. Defendant would not have been released even absent the Indictment at issue because of his status as an illegal alien. The Court is mindful of Justice White's concurrence in *Barker* which suggests that the right to a speedy trial is implicated even when the defendant is not incarcerated:

> [I]nordinate delay between public charge and trial . . . wholly aside from possible prejudice to a defense on the merits, may "seriously interfere with the defendant's liberty, *whether he is free on bail or not*, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."

**Memorandum Decision and Order - 9**

*Barker*, 407 U.S. at 537 (White, J., concurring) (quoting *United States v. Marion*, 404 U.S. 307, 320 (1971)) (emphasis added).  However, the Court nevertheless concludes that the balance struck by the facts and circumstances leading to the delay weigh in favor of dismissal without prejudice.

### c. Impact of Reprosecution on the Administration of the Act and on the Administration of Justice

Defendant contends that dismissal without prejudice would be an ineffective reprimand and undermine the public's interest in the prompt and efficient administration of justice.  Dismissal without prejudice, argues the Defendant, would amount to little more than a "slap on the Government's wrist."  The Court disagrees.

The Speedy Trial Act "does not require dismissal with prejudice for every violation," *Taylor*, 487 U.S. at 342, and it is inappropriate to dismiss with prejudice simply to "send a strong message to the Government that unexcused delays will not be tolerated." *Id.*  Defendant's argument is based largely upon the notion that dismissal without prejudice would be beneficial to the Government, rather than punitive.  According to Defendant, it would afford the Government "an opportunity for the Government to recast its

**Memorandum Decision and Order - 10**

case, start over and have additional time to prepare for trial." This argument is also without merit.

Each "opportunity" the Government might enjoy because of delay may also be shared by Defendant. More importantly, that which Defendant deems beneficial is perceived otherwise by the law. The Supreme Court's discussion of the issue in *Taylor*, *supra*, is instructive:

> Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new Indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. Given the burdens borne by the prosecution and the effect of delay on the Government's ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely.

*Taylor*, 487 U.S. at 342. Defendant has not demonstrated that reprosecution will do harm to the administration of the Act or to the administration of justice. Accordingly, the Court finds that this factor also weighs in favor of dismissal without prejudice as well.

Accordingly, as explained above, the Speedy Trial Act requires dismissal of the Indictment. However, as also explained above, the factors the Court must consider warrant dismissal without prejudice, which the Court will order.

### ORDER

**Memorandum Decision and Order - 11**

NOW THEREFORE IT IS HEREBY ORDERED that the Government's Motion to Dismiss Without Prejudice (Docket No. 59) shall be, and the same is hereby GRANTED.

IT IS FURTHER HEREBY ORDERED that the Defendant's Motion to Dismiss for Speedy Trial Violations With Prejudice (Docket No. 39) shall be, and the same is hereby DENIED.

IT IS FURTHER HEREBY ORDERED that the Indictment against Defendants Froylan Rubio-Gomez and Javier Silva-Rangel is DISMISSED without prejudice.

IT IS FURTHER ORDERED that the following motions (Docket Nos. 34, 40, 41, 42, 44 and 48) shall be DEEMED MOOT.  Any issues raised in these motions which are still at issue may be raised in the new case filed against Defendant.

DATED:  **March 10, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 12**